Jeffrey D. Olster
Nevada Bar No. 8864
Jeff.Olster@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Tel: (702) 893-3383
Fax: (702) 893-3789

Michael P. Duffy
(*Pro hac vice* application pending)
MDuffy@peabodyarnold.com
PEABODY & ARNOLD LLP
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel: (617) 951-2002

*Attorneys for*
*ARGONAUT INSURANCE COMPANY*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IRONSHORE INDEMNITY INC., <br><br> Plaintiffs, <br><br> v. <br><br> ADAM ROGAS and ERIC KAY, <br><br> Defendants. | Case No. 2:21-cv-01706-JAD-BNW <br><br> **PLAINTIFF-INTERVENOR ARGONAUT INSURANCE COMPANY'S MOTION TO INTERVENE** |

Argonaut Insurance Company ("Argonaut") hereby moves pursuant to Federal Rule of Civil Procedure 24 for leave to intervene as a plaintiff in this action. This action involves an insurance coverage dispute in which Argonaut potentially faces $3 million in liability under an excess insurance policy that it issued to NS8, Inc. ("NS8"). The existing Plaintiff, Ironshore Insurance Company ("Ironshore"), issued a second layer excess policy providing coverage in excess of the Argonaut Policy. The Argonaut Policy and the Ironshore Policy both provide follow form coverage in excess of an underlying policy issued by Scottsdale Indemnity Company

("Scottsdale").

Ironshore alleges in the Complaint in this action that no coverage is afforded for certain matters based on a Warranty Letter that was issued at the time the policies were issued. Argonaut obtained a Warranty Letter that was substantially identical to the Ironshore Warranty Letter. Therefore, coverage under the Argonaut Policy is subject to the same limitations and defenses as under the Ironshore Policy. Because Argonaut and Ironshore have the same coverage defenses, intervention by Argonaut is warranted as a matter of right, as Argonaut 1) has a direct interest in the insurance coverage determinations that will be made in this action, and 2) those determinations could impair the interests of Argonaut. *See* Federal Rule of Civil Procedure 24(a)(2). Any insurance coverage determinations made by this Court as to Ironshore could have a direct impact on the rights and liabilities of Argonaut under the relevant policies and may impair its ability to assert coverage defenses it may have with respect to the Argonaut Excess Policy.

In the alternative, Argonaut should be granted permissive leave to intervene by the Court. Pursuant to Rule 24(b)(B), the Court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Argonaut's proposed claims for declaratory relief arise from the same facts set forth in Ironshore's Amended Complaint in this action and will involve common questions of law to be decided by the Court. Those claims are set forth in detail in Argonaut's proposed "Intervenor Complaint for Declaratory Relief" which is attached hereto as **Exhibit 1**.

## FACTUAL BACKGROUND

In support of this motion, Ironshore incorporates by reference the factual recitations and legal claims contained in Ironshore's Amended Complaint and Argonaut's proposed Intervenor Complaint for Declaratory Relief (Exhibit 1). The basic facts of the insurance coverage at issue are as follows:

1. Scottsdale issued the primary D&O policy to NS8 with a Policy Period of March 4, 2019 to September 4, 2020, with a $2 million Limit of Liability, and pursuant to Endorsement, a Three-Year Discovery Period from September 4, 2020 to September 4, 2023.

2. Argonaut issued the first excess D&O policy to NS8 with a Policy Period of May 23, 2019 to September 4, 2020 and a $3 million Limit of Liability, and pursuant to Endorsement No. 8, a Three-Year Extended Reporting Period from September 4, 2020 to September 4, 2023.

3. Ironshore issued the second Excess Policy to NS8 with a Policy Period of May 23, 2019 to September 4, 2020, with a $5 million Limit of Liability and, through Endorsement No. 7, a Run-Off Period from September 4, 2020 to September 4, 2023.

4. In order to obtain excess coverage from both Argonaut and Ironshore, Defendant Rogas executed "Warranty" letters on behalf of NS8 disclaiming any knowledge of any potential claim under the policies.

5. On November 9, 2019, the U.S. Securities and Exchange Commission initiated an investigation of NS8 by issuing four separate Subpoenas for documents to NS8, Rogas and two other NS8 employees. On September 14, 2020, the SEC and the U.S. Department of Justice each filed separate lawsuits and, in a related motion, alleged that Rogas "defrauded investors by using forged documents to entice investors to purchase NS8 securities" worth over $100 million, and then Rogas "pocketed over $17.5 million that had been raised through his fraud.

6. On July 22, 2021, attorneys for NS8 sent a letter directed to Defendant Kay's attorneys asserting that Mr. Kay breached his fiduciary duties owed to NS8.

7. The government lawsuits and the demand letter to Defendant Kay have been submitted as Claims under each of the policies at issue here.

8. On September 15, 2021, Ironshore filed its Complaint for Declaratory Relief in this matter asserting that the Warranty Letter precludes all coverage for the Defendants under the Ironshore Excess Policy. Ironshore filed an Amended Complaint for Declaratory relief on September 17, 2021 (ECF No. 3). Defendants have not filed a responsive pleading at the time of filing of this Motion.

# ARGUMENT

## I. Argonaut Should Be Permitted to Intervene as a Matter of Right

Federal Rule of Civil Procedure 24(a)(2) provides that a court must permit intervention on timely motion by anyone: (1) who "claims an interest relating to the property or transaction that is the subject of the action," and (2) whose interest may be "impair[ed] or impede[d]" by disposition of the action, "unless existing parties adequately represent that interest." Rule 24(a)(2).

The Ninth Circuit has recognized a four-part test in when analyzing a motion to intervene by right under Rule 24(a)(2): "(1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action." *Wilderness Soc'y v. U.S. Forest Service*, 630 F.3d 1173, 1177 (9th Cir. 2011) (citations omitted).

In evaluating whether Rule 24(a)(2)'s requirements are met, this Circuit will apply "'practical and equitable considerations" and construe the Rule "broadly in favor of proposed intervenors." *United States v. City of Los Angeles,* 288 F.3d 391, 397 (9th Cir. 2002) (internal quotation marks omitted); *see also Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001). We do so because "[a] liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts." *City of Los Angeles*, 288 F.3d at 397–98 (internal quotation marks omitted).'" *Wilderness* Soc'y, 630 F.3d at 1179.

### A. Argonaut's Motion is Timely

Courts weigh three factors in determining whether a motion to intervene is timely: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002) (citation omitted).

Here, there has been no delay. Ironshore's Amended Complaint for Declaratory Relief was filed in this matter just over one month ago. Upon learning of this action, Argonaut moved expeditiously to file this motion to intervene. Moreover, the case is still in its early stages. Defendants have yet to file a responsive pleading to the Amended Complaint and discovery has not commenced. Permitting Argonaut to intervene at this time will not negatively impact the course of the litigation or prejudice any party. *See U.S. v. State of Oregon*, 745 F.2d 550, 552 (9th Cir 1984) (noting lack of prejudice to any party as most important consideration in evaluating timeliness); *see also Crosby v. St. Paul Fire and Marine Ins*. Co., 138 F.R.D 570, 572 (D. Wash. 1991) (finding intervention timely where discovery barely began and no significant decisions on the merits) *citing Jet Traders Invest. Corp. v. Tekair, Ltd.,* 89 F.R.D. 560 (D. Del. 1981). Accordingly, intervention by Argonaut at this early juncture is appropriate and should be allowed.

**B. Argonaut Has a Substantial Legal Interest in the Subject Matter of this Case**

The Ninth Circuit has recognized that when assessing whether a potential intervenor has an interest in the action a district court is required to accept the intervenor's well-pleaded allegations. *See Southwest*, 268 F.3d at 819-820 (9th Cir. 2001). "Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Id*. at 820. Argonaut's Intervenor Complaint (Exhibit 1 hereto) sets forth in detail its legal interests in this matter and those interests are clear and substantial. Argonaut's coverage defenses are substantially the same as Ironshore's defenses and the claims and defenses in the lawsuit therefore may impact Argonaut's potential liability under the Argonaut Excess Policy.

**C. Intervention in this Case is Necessary to Protect Argonaut's Interest**

In order to adequately protect against its rights under its insurance policy, Argonaut must be an active participant in this case to avail itself of all its possible legal and factual defenses. The advisory committee notes to Rule 24(a) are instructive: "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." Fed. R. Civ. P. 24 advisory comm. nn. (Am. 1966). In this instance, any factual and legal determinations made by this Court could potentially impact Argonaut's liability

for providing coverage to Defendants under the Argonaut Excess Policy. Here, there is a significant risk that findings of fact or rulings of law with respect to Ironshore's claims for declaratory relief could have some preclusive effect on Argonaut's rights under its policy. Accordingly, Argonaut has a right to intervene in this matter to protect its contractual rights under its policy.

### D. The Existing Parties Cannot Protect the Interest of Argonaut

The proposed intervenor's burden to show that his interests may be inadequately represented is minimal "and the applicant need only show that representation of its interests by existing parties "may be" inadequate." *Southwest*, 268 F.3d at 823 *citing Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972). In conducting this inquiry, courts examine: "'(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.'" *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) *quoting Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)).

Argonaut's interests cannot be sufficiently protected if Ironshore is the sole plaintiff in this litigation. While there is significant commonality in the factual and legal issues affecting Ironshore and Argonaut in this coverage dispute, there are some differences in the wording of the Argonaut and Ironshore Warranty Letters and between the terms of the Argonaut and Ironshore Excess Policies. To the extent any nuances unique to Argonaut may be material to the resolution of Defendants' insurance coverage, Argonaut must be a party to this case to assert any factual and legal arguments that may apply to its particular circumstances.

### II. Alternatively, Argonaut Should Be Allowed to Intervene By Permission

Argonaut may also be granted leave to intervene by permission. Pursuant to Fed. R. Civ. P. 24(b)(B), the Court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." In considering whether to grant permissive intervention, the Court "must consider whether the intervention will unduly delay or prejudice the

adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Here, there is no disputing that Argonaut's claims share common issues of law and fact with claims brought by Ironshore. They arise from the same conduct on the part of the Defendants, relate to the same primary insurance policy and involve similar warranties and representations. As a result, the Court will be faced with the same questions of law in assessing Ironshore and Argonaut's claims for declaratory relief. The resources of the Court and the interests of all parties would be best served (and not prejudiced) by permitting Argonaut to intervene here. If Argonaut is not allowed to intervene, it will file a separate action, in which case the Court and the parties will be faced with duplicative proceedings with potentially inconsistent results. Argonaut's participation in this proceeding would conserve the resources of all involved and avoid the risk of inconsistent legal rulings.

## CONCLUSION

For the above-stated reasons, as well as the facts and allegations set forth in Argonaut's proposed Intervenor Complaint for Declaratory Relief, the Court should permit Argonaut to intervene as a Plaintiff in this matter.

DATED this 19th day of November, 2021

LEWIS BRISBOIS BISGAARD & SMITH LLP

By  /s/ *Jeffrey D. Olster*
Jeffrey D. Olster
Nevada Bar No. 8864
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for*
ARGONAUT INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 19th day of November, 2021, I served a true and correct copy of the foregoing **PLAINTIFF-INTERVENOR ARGONAUT INSURANCE COMPANY'S MOTION TO INTERVENE** to be served via electronic service by the U.S. District Court CM/ECF system to the parties on the Electronic Filing System:

By  /s/ *Susan Awe*
An Employee of LEWIS BRISBOIS BISGAARD & SMITH LLP



8